Will Wilson, Atty. Gen., of Texas, and J. G. Davis, Asst. Atty. Gen., of Texas, for defendants.

**Donald Ray WILSON, Plaintiff,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, et al., Huntsville, Texas, Defendants.**

**Civ. A. No. 13565.**

United States District Court
S. D. Texas,
Houston Division.

April 19, 1961.

INGRAHAM, District Judge.

This is a civil action for damages * filed by Donald Ray Wilson, plaintiff, versus O. B. Ellis, Director, Texas Department of Corrections, et al., at Huntsville, Texas, defendants. By order entered March 21, 1961, plaintiff was permitted to proceed in forma pauperis.

On April 4, 1961, plaintiff filed four motions, as follows:

(1) Motion for appointment of counsel. (On this date he filed "Motion for immediate appointment of counsel".)

(2) Motion to the court to appoint a qualified and unbiased ophthalmologist to examine the eyes of the plaintiff and to report to the court his findings as to the condition of plaintiff's eyes.

(3) Motion for writ of habeas corpus ad testificandum to compel the attendance of eight witnesses, all inmates of the Texas Department of Corrections.

(4) Motion for subpoena duces tecum.

In plaintiff's motion for appointment of counsel, he alleges his poverty and his unfamiliarity with law and procedure. He asks that counsel be appointed and instructed to visit plaintiff at the Texas Department of Corrections located at Huntsville, Texas. Plaintiff is not entitled to appointment of counsel in a civil

* Filed under Civil Rights Act, 42 U.S.C.A. § 1983, and 28 U.S.C.A. § 1343.

action for damages. Plaintiff has the entire burden in such a suit.

 Plaintiff likewise is not entitled to the appointment of an ophthalmologist to examine the eyes of plaintiff. The court has no funds available for such purpose. This likewise is a burden assumed by plaintiff when he filed his suit.

Plaintiff's motions for writ of habeas corpus ad testificandum and subpoena duces tecum are premature as the case has not been set for trial.

All of the motions of plaintiff are denied.

True copies hereof will be forwarded by the clerk to the plaintiff and the Attorney General of Texas.