**Sam I. MAJOR, Appellant,**

v.

**L. S. LORD, Appellee.**

**No. 4004.**

Court of Civil Appeals of Texas.

Waco.

May 3, 1962.

Rehearing Denied May 24, 1962.

Thompson, Walker, Smith & Shannon, Paul C. Cook, Ft. Worth, for appellant.

Wm. Andress, Jr., Dallas, for appellee.

WILSON, Justice.

Appellee, Lord, recovered judgment against appellant, Major, for debt alleged to be due under a contract, and for possession of equipment.

Lord was area licensee of the holder of a patent for re-treading tires. Under this primary license agreement the licensor agreed to supply Lord tread rubber at a cost not more than 10¢ per pound above current market price, and Lord agreed to pay licensor a royalty of 10¢ per pound for rubber purchased from other sources. Such other sources were limited to persons who agreed in writing to collect a 10¢ per pound royalty and remit it to the licensor. The contract gave licensor an option to terminate the license if Lord failed to purchase or pay royalties on specified annual minimum quantities of rubber.

Lord, as "licensee-grantor", with licensor's approval, thereafter entered into a written agreement with Major, as "grantee," or sub-licensee for one county, under which patented equipment was furnished to Major, who agreed to pay Lord 2½¢ per pound, and licensor 10¢ per pound for all rubber used in retreading. This contract provided, "The guaranteed minimum of rubber used or to be paid on is" the same as the minimum annual quantities specified to be used by the primary contract between the licensor and Lord. The contract with Major recited the rights given thereunder were "subject to" the primary license agreement. It gave Lord an option to terminate for breach, which should not "relieve the grantee of his obligation to pay to licensee-grantor any and all money that may be due."

 Judgment was computed on the basis of the guaranteed minimum annual quantities. Appellant says that since the primary agreement between licensor and Lord did not impose on the latter any obligation to pay licensor a minimum annual royalty, but gave licensor only an option to terminate for Lord's failure to use minimum quantities, he could have no greater liability under his own contract. The contention is overruled. Major obligated himself as to the "guaranteed minimum" on which he was to pay royalty. That Lord did not also do so is unavailing to appellant.

 Complaint is made of rendition of judgment in favor of the licensor which was not a nominal party. Lord alleged Major had failed to pay royalty to the licensor, and that as licensee for the area he was entitled to recover such amounts for the use and benefit of the licensor, and as its trustee and agent. By the judgment Lord recovered "for the use and benefit" of the licensor. Appellant filed no plea in abatement or verified attack on the pleading as required by Rule 93(c), Texas Rules of Civil Procedure. We think the complaint is untenable. Smith v. Moseley, 74 Tex.

631, 12 S.W. 748, 749; Missouri Pac. Ry. Co. v. Cullers, 81 Tex. 382, 17 S.W. 19, 21, 13 L.R.A. 542; Perkins v. Terrell, Tex.Civ. App., 214 S.W. 551, 552, writ ref.; Fant v. Farrier Bros., Tex.Civ.App., 253 S.W. 955, 956; 32 Tex.Jur. Sec. 15, p. 22; 1 Tex. Jur.2d, Sec. 17, p. 37.

 Error is assigned to overruling motion for continuance. The motion was not verified as required by Rules 251 and 252, and we cannot say the court abused its discretion. Other points have been considered, and are overruled. Affirmed.