**AMERICAN PETROLEUM EXCHANGE, INC., et al., Appellants,**

v.

**L. S. LORD et al., Appellees.**

No. 16694.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 21, 1966.

Rehearing Denied Feb. 18, 1966.

Arthur Lee Moore, and Ernest May, Fort Worth, for appellants.

Andress, Woodgate, Richards & Condos, and W. Andress, Jr., Dallas, and Hudson, Keltner, Smith & Cunningham, and Dale B. Hinson, Fort Worth, for appellees.

MASSEY, Chief Justice.

Premise for the litigation in the trial court from which the instant appeal is

taken lay in the judgment taken in another case. Such other case was one in which an appeal was taken. See Major v. Lord, 357 S.W.2d 820 (Waco Civ.App., 1962, writ refused, n. r. e.). It is to be noticed in that opinion that L. S. Lord's judgment against Sam I. Major was recovered "for the use and benefit" of another. Such other was the Paul E. Hawkinson Company. That such was the case appeared on the face of the record. That the same thing was true in the instant litigation likewise appears on the face of the record.

■ After the appeal was perfected Paul E. Hawkinson Company moved for leave to personally become a party to the proceedings rather than merely depend upon L. S. Lord as its trustee. An asserted purpose was to quiet the appellants' concern and insistence that if the instant judgment be affirmed they might be exposed to further liability under the former judgment. Appellants resist such motion. We have concluded that no possible harm could accrue to appellants by granting the motion. Accordingly, the motion of Paul E. Hawkinson Company is granted and it is admitted as a personal participant to proceedings in this court.

The judgment originally taken by L. S. Lord for himself and for the use and benefit of the Hawkinson Company was dated August 28, 1961. The judgment was abstracted and filed of record in Tarrant County on September 5, 1961. As abstracted the recited amount of the judgment was $13,878.57. There seems to be no dispute between the parties but that the amount of the judgment, as rendered on August 28, 1961, was in the aggregate amount of $13,878.57, plus interest and costs of suit. The record is void of proof as to said judgment figure other than by the certificate of the District Clerk in the abstract of the judgment.

On December 31, 1962, the Sheriff of Parker County levied upon and seized some property of Sam I. Major under execution issued on the judgment of August 28, 1961.

$9,651.00 realized as proceeds from the Sheriff's sale of the property was proper to be credited upon the balance owing on the judgment at that time.

By analysis of the record we are able to ascertain that Lord and the Hawkinson Company have attempted to concede that an additional sum of a little over $2,000.00 was credited on the judgment debt of Sam I. Major. What is not explained, however, is the reason for such a credit and the time thereof.

In the suit from which the instant appeal was taken Lord, for the use and benefit of the Hawkinson Company, sought to foreclose his lien on property claimed to be subject thereto in Tarrant County perforce the record made of the abstract of judgment on September 5, 1961. In the allegations of the petition appears the following: "plaintiff herein L. S. Lord recovered judgment after remittitur, on 28 August 1961, for himself and for the use and benefit of Paul E. Hawkinson Company in the aggregate amount of $11,836.09, with interest at the rate of 6% per annum from said date until paid." It is obvious from the record that the court construed the language of the plaintiff's petition as though it read as follows: "L. S. Lord, plaintiff herein, recovered judgment for the use and benefit of himself and Paul E. Hawkinson Company on 28 August 1961, the amount of which, after application of credit by way of remittitur, was in the aggregate amount of $11,836.09. Plaintiff's judgment entitles him to interest thereon at the rate of 6% per annum from 28 August 1961 until paid."

We see no impropriety of the trial court treating the allegations as though they so read. The ambiguity if not patent was at least latent. In the allegations of the petition the prepositional phrase "after remittitur" contains the preposition "after" coupled with the object "remittitur" in modification of the expression "recovered judgment". As the sentence: "The box it came in was damaged" leaves in doubt whether the box had arrived in the dam-

aged condition or was damaged after the time it arrived,—likewise the sentence: "Plaintiff recovered judgment after remittitur * * * in the aggregate amount of $11,836.09" leaves in doubt whether plaintiff's judgment was originally rendered for said amount or its judgment debt was reduced to that amount by way of a credit applied on the amount for which judgment had been originally rendered.

■ Objection to the introduction by Lord and Hawkinson Company of the abstract of judgment record showing the amount of the judgment at $13,878.57 was overruled. Appellants, Sam. I. Major and American Petroleum Exchange, Inc., complain because thereof insisting that there was a fatal variance between the record, as evidence, and the plaintiff's petition in which it was alleged "plaintiff herein * * recovered judgment after remittitur * * in the aggregate amount of $11,836.09." With the construction made of the language of the petition which we have hereinabove concluded that the trial court was entitled to make there would be no variance. A "variance" is a disagreement between the allegations and the proof in some matter that in point of law is essential to the claim. See 46 Tex.Jur.2d, p. 162, "Pleading", XIV, "Evidence Authorized by Pleadings; Variance", § 269, "In general".

■ Nor do the circumstances show that the recording of the abstract of judgment failed to establish a lien on the property of Sam I. Major. That is the appellants' contention under the claim that said abstract did not show correctly "the amount for which the judgment was rendered and the balance due thereon." We agree that the fixing of a judgment lien is strictly construed under the statute regulating abstracts of judgments. See Vernon's Ann. Tex.St. Title 90, "Liens", Art. 5447, "Abstracts of judgments". However, the evidence to which the appellants direct our attention did not prove, prima facie, the absence of the required compliance. It

may be that it could have been shown that the lien was void because of a failure of the abstract of judgment to meet the strict requirements of the law; but such evidence as was introduced did not so prove. If there was some other evidence which might have done so the burden of displaying it was devolved upon the appellants. This burden they did not discharge.

In another point of error appellants complain that the Paul E. Hawkinson Company was not a proper use judgment plaintiff. We see no distinction to be made in the circumstances shown by the face of the record as made in the instant case from those made in the trial under scrutiny in Major v. Lord, 357 S.W.2d 820 (Waco Civ. App., 1962, writ refused, n. r. e.). A similar contention was resolved against Sam I. Major in that opinion. The point is overruled.

■■ The remaining points of error require additional factual statements. The naming of American Petroleum Exchange, Inc. as a defendant was in part predicated upon allegations that certain property which stood in its name (in Tarrant County) had been transferred to it by Sam I. Major by deeds which were not recorded until November, 1961. The time subsequent to the date of the record of the abstract of judgment. The factual allegations were proved in evidence, and findings of fact made in the judgment of the court to such effect. Hence there would be no question, in view of our determination made on points of error heretofore discussed, but that the lien of Lord and the Hawkinson Company, as the use plaintiff, was properly foreclosed thereon. We do not know judicially, however, that the amount to be realized from the sale thereof will be sufficient to pay off the judgment indebtedness.

Furthermore, the naming of said corporation as a defendant was also predicated upon allegations that it was Major's alter ego. There were four lots in Parker County, Texas which were transferred

from Sam I. Major to American Petroleum Exchange, Inc. by deeds recorded in Parker County in November, 1961. By its judgment the trial court, under allegations of the plaintiff's petition and based upon evidence deemed sufficient, held that "Sam I. Major and American Petroleum Exchange, Inc. were one and the same", and furthermore declared that "any other property" of American Petroleum Exchange is subject to execution to satisfy the judgment originally rendered in favor of Lord against Major.

Complaint of the foregoing is made the subject of two points of error. We have examined the evidence in the case, from which it is apparent that Major owned the great majority of the stock in the corporation, and as trustee for his daughter held nearly all the remainder. There were a very few shares in two or three other individuals. At all material times, and up to the time of the trial below, Major (as practically the sole owner) treated the corporation as his alter ego. The corporation did not exist except as the shadow of his personality. The state of the record is such as entitled the trial court, as a matter of law, to disregard the corporate fiction and to declare the liability of both Major and/or the American Petroleum Exchange, Inc. according to the actual facts. See text and authorities annotated in 14 Tex.Jur.2d, p. 128, et seq., "Corporations", "C. Entity Concept", § 12, "When fiction disregarded", and § 13, "—Alter ego doctrine". The points of error are overruled.

We have left to the last a point of error under which complaint is made because of the holding in the judgment that after expiration of the term for which the American Petroleum Exchange, Inc. was licensed to do business in Texas it could not acquire property in this state. The appellees do not answer the argument presented in behalf of the point of error. While we believe appellants to be correct in the contention made we do not con-

sider that to sustain the same would avail anything beneficial to them applicable to the instant litigation. We therefore overrule the point as immaterial.

Judgment is affirmed.