

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 22, 1971

Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. M-1000

Re: Questions involving
interpretations of Article
5447, Vernon's Civil
Statutes, as amended, re-
quiring abstract of judgments
to show birthdate and driver'
license number of the Defen-
dant, if available to the
Clerk of the Court, and re-
lated questions.

Dear Mr. Granger:

Your opinion request to this office concerning the above
questions is restated as follows:

1. Article 5447, Vernon's Civil Statutes, as last amended,*
provides in pertinent part that an abstract of judgment shall
show "(2)The birthdate and driver's license number of the defendant
if available to the Clerk of the Court." Your specific questions
in this regard are, (a) to what extent should the Clerk attempt
to ascertain the birthdate and the driver's license number of the
defendant, and (b) if the information is not available, should
that fact be certified?

2. Article 5447 further provides in pertinent part that the
abstract of judgment shall show "(4)The defendant's address if
shown in the suit in which the judgment is rendered, and, if not,
the nature of the citation and the date and place citation is
served." You ask in this regard: (a) what is meant by "nature
of citation", (b) if the defendant is served by serving a

*Acts 62nd Leg., R.S., 1971, H.B. 967, Ch. 768, p. 2419

-4878-

registered agent, shall the abstract of judgment give the address of the registered agent if the address of the defendant does not appear, (c) is it sufficient for the abstract of judgment to recite the county in which the citation is served or must the street address also be given, and (d) if the pleadings cite one address and the citation cites another, which address shall be used in the abstract of judgment?

In Texas, no lien is created by the rendition of a judgment; the creation of a judgment lien depends entirely upon compliance with Texas statutes. Gullett Gin Company v. Oliver, 78 Tex. 182, 14 S.W. 451 (1890); Cheatham v. Mann, 133 S.W.2d 264 (Tex.Civ. App., 1939).

Fixing of judgment lien is strictly construed under Article 5447 regulating abstracts of judgment. American Petroleum Exchange, Inc. v. Lord, 399 S.W.2nd 213 (Tex.Civ.App., 1969, error ref., n.r.e.

Following the strict construction given to this statute by the above authorities and the apparent intent of the Legislature in adding these provisions by recent amendment to this Article, we answer your question as follows:

1.  The wording of the statute is mandatory and if the information concerning the birthdate and the defendant's driver's license number is available through any reasonable source, it must be secured by the Clerk and it should appear in the abstract of judgment; if such information is not reasonably available, then the abstract of judgment should so recite.

2.  The abstract of judgment must show the defendant's address if it appears in any papers on file in the suit in which judgment is rendered.

(a) If the defendant's name is not so shown, then the abstract of judgment must show in what way, manner or means and the date defendant was cited to appear, and the place where citation was made, if citation was made on defendant in person or upon a registered agent.

(b) Where the address of the defendant is not available to the Clerk in preparation of the abstract of judgment the _place_ must be shown where citation is served.

A "place" is an open space, or square, in city or town; a street, an area, a court, a private residence, a terrace.  32A Words and Phrases 111; also, Websters Third New International Dictionary, p. 1727.

Under this definition of "place" it is apparent that the abstract of judgment, where the defendant's address is not available, should show the best address available where citation is served.

Where the pleadings and the citation show two different addresses of defendant, Article 5447(4) requires the abstract of judgment to show the defendant's address if shown in the suit (pleadings).

## S U M M A R Y

If the information concerning the birth date and the defendant's driver's license number is available through any reasonable source, it must be secured by the Clerk and be included in the contents of an abstract of judgment; if such information is not reasonably available, then the abstract of judgment should so recite.

The abstract of judgment must show the defendant's address if it appears in any papers on file in the suit in which judgment is rendered. If the defendant's address is not so shown then the abstract must show the way, manner, and means defendant was cited to appear, together with the date of citation. If citation is made upon a registered agent for defendant the place where citation was served should be shown.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Mel Corley
Jack Sparks
Robert Lemens
Gordon Cass

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant