**In the Matter of the Application for Restraint and Apprehension of Henry Varlack, an Allegedly Mentally Ill Person**

Family No. 609-1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 10, 1977

SHARON NOLAN, ESQ., Deputy Assistant Attorney General (Department of Law), St. Thomas, V.I., *for petitioner*

GUSTAV DANIELSON, ESQ., St. Thomas, V.I., *for respondent*

HODGE, *Judge*

## MEMORANDUM AND ORDER

Appointed counsel's Motion to Withdraw came before the Court accompanied by a Memorandum of Law in support of said motion. It is significant to note that no affidavit was filed in support of the motion,[1] thereby enabling counsel to grossly misstate and/or omit the material facts with apparent impunity. Despite this substantial defect in the motion papers, the Court feels compelled to address itself to the serious and erroneous allegations contained therein.

### I

On August 4, 1977, this Court signed an order appointing moving counsel to represent the respondent, pursuant to 19

---

[1] 5 V.I.C. App. V, Rule 6(d).

V.I.C. sec. 1132(a). On August 5, 1977, counsel called the Clerk to state that he was declining the Court's request to represent the respondent. After the Clerk referred counsel to the undersigned, I advised him that it was not a "request" but an "order" of the Court. When counsel stated that he believed that he was incompetent for the assignment, I authorized him to retain whatever legal assistance he needed from the Virgin Islands Bar. Despite this authorization, which counsel conveniently omitted from his statement of facts, he adamantly demanded to be relieved while threatening to resign from the Bar and arrogantly displaying total disrespect for the Court. Immediately thereafter, counsel filed the subject Motion to Withdraw, having made no attempt whatsoever to obtain the authorized assistance.

## II

■ Counsel's plea of imcompetence to support his motion is negated by the authorization which he received to retain or associate with a lawyer he considers to be competent in the matter. Because of this authorization, his legal citations support, rather than oppose, the decision of the Court. Indeed, Canon 6 of the Code of Professional Responsibility, which he cites, is construed, in part, as follows:

. . . Proper preparation and representation may require the association by the lawyer of professionals in other disciplines. A lawyer offered employment in a matter in which he is not and does not expect to become so qualified should either decline the employment or, with the consent of his client, *accept the employment and associate with a lawyer who is competent in the matter.* EC 6-3 (Emphasis added.)

Thus, counsel's claim of a violation of ethical standards by his appointment is without merit when viewed in the light of the complete and accurate statement of the facts,

and he would not be engaging in unethical conduct by obeying the order of the Court.[2]

## III

■ Counsel also attempts to support his motion by claiming that if it is denied he may be liable to suit for malpractice. This claim is a "red herring", asserted only to erroneously imply that a competent attorney cannot be sued for malpractice. Except for insurance companies, no one can insure any attorney against a malpractice suit. Indeed, every practicing attorney, regardless of how qualified and competent he may be, is subject to possible professional negligence actions where he fails to exercise ordinary skill and knowledge or fails to retain necessary and appropriate legal assistance. A fortiori, this Court cannot insure counsel that he may be liable to suit for malpractice, but can only authorize him to utilize whatever legal assistance is appropriate under the circumstances. Since this authorization has been granted to counsel in the instant case, his claim is specious.

In the circumstances of this case, we are dealing with a "family" rather than a "criminal" matter. In this proceeding to determine whether the respondent is mentally ill, a hearing must be held in the District Court no later than 15 days after commitment for examination by this Court, unless extended by the Court. 19 V.I.C. sec. 1132(a). Prior to that hearing in District Court, counsel should interview the respondent, his relatives and appropriate hospital personnel in preparation for the hearing so as to insure that any determination by the District Court of the mental status of the respondent will be a proper one. At the

[2] The Court agrees with counsel that mere admission to the Bar does not make an attorney an expert in all legal matters; nevertheless, the Court does not concede that counsel is incompetent. Indeed, in view of the Court's authorization of legal assistance based on counsel's naked assertion of incompetence, the Court does not reach and therefore does not decide the issue of competency of counsel.

hearing counsel may cross-examine all opposing witnesses and may call his own witnesses, including experts where necessary and appropriate. Counsel may request a jury; but, as is usually the case in this jurisdiction, the judge of the District Court makes all findings and conclusions when no jury is requested. Trial generally lasts approximately two hours, after which the respondent is committed, if found to be mentally ill, or released, if found to be mentally sane.

This brief scenario is outlined in order to emphasize the Court's conclusion that counsel in this case has grossly exaggerated the complexity of the proceeding and unnecessarily impugns his own character, conduct and dedication to the legal profession. If this Court were to accept counsel's claim of malpractice possibilities under these circumstances, then every attorney who is appointed by the Court would be able to effectively frustrate such appointment orders by making similar claims in support of similar motions to withdraw.

■ Counsel seems to overlook the well-established principles that effective counsel does not mean errorless counsel, United States v. Stern, 519 F.2d 521 (9th Cir. 1975); Odom v. United States, 377 F.2d 853 (5th Cir. 1967), and that a lawyer does not guarantee that his judgment is infallible, Dorf v. Relles, 355 F.2d 488 (7th Cir. 1966).

## IV

■ Counsel's final attempt to avoid his responsibilities as an active member of the Virgin Islands Bar Association rests with his claim that respondent's Sixth Amendment right to effective assistance of counsel as an indigent would be jeopardized if his motion to withdraw is denied. This claim is both inaccurate and misleading because this is not a criminal case, because the Sixth Amendment is not in issue, because the respondent is not a criminal defendant, because

effective counsel is in fact authorized, and because indigency is not considered in appointing counsel in mental competency cases. Indeed, it is settled that stringent standards of effective assistance of counsel in criminal proceedings do not apply to civil proceedings. See Rogers v. United States, 534 F.2d 1134 (5th Cir. 1976), cert. denied 429 U.S. 940. See also 19 V.I.C. sec. 1132(c) and sec. 1133.

While this flagrant misreading of the law does indeed infer that counsel is incompetent, nevertheless the Court is convinced, based upon counsel's own recitation of his qualifications, that he is sufficiently intelligent so that with moderate research and consultation efforts on his part,[3] he should be able to effectively represent the respondent in this matter. Moreover, if he deems it necessary, counsel knows that he may retain or associate with another attorney who is experienced in such hearings, thereby adequately protecting the rights of the respondent, whether or not a trial by jury is requested by counsel.

## V

 The Court cannot conclude this memorandum without noting for the record the arrogant and bombastic attitude and conduct of counsel during his initial oral request to withdraw. Counsel is hereby put on official notice that such conduct will not be tolerated by the Court in the future. On the final page of his Memorandum of Law counsel also attempts to intimidate the Court by making reference to the Canons of Judicial Ethics, implying, not too subtly, that the cited Canons were being violated by the Court. Such unfounded allegations are clearly inappropriate in such a memorandum of law, and

---

[3] It should be noted that the time and effort expended by counsel in the research and preparation of his lengthy memorandum of law, in support of his motion to withdraw, could have been used to prepare himself to effectively represent the respondent.

counsel is therefore advised that in the future such charges should be addressed to the Commission on Judicial Disabilities and not to the Court. 4 V.I.C. sec. 657. See also Code of Professional Responsibility, Canon 8 (DR 8-102(B)). Counsel is further put on notice that the Court cannot and will not condone his adamant, blatant, and dogmatic refusal to cooperate in rendering legal services to our community, where, as here, no conscientious effort is made to prepare the case or obtain additional legal assistance, and where no medical or other acceptable excuse has been proffered. Counsel is also reminded that his professional obligation to respond to the call of the Court is an incident of the privilege to practice law and should not be avoided for his own personal convenience. Daines v. Markoff, 555 P.2d 490 (Nev. 1976).

## VI

On the basis of the foregoing, counsel's motion to withdraw will be denied.

### ORDER

For the reasons stated in the above memorandum, it is hereby,

ORDERED that counsel's motion to withdraw be and the same is hereby DENIED.