Alfredo A. GARCIA, Appellant,

v.

Bennie E. RAY, Appellee.

No. 1199.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 13, 1977.

Rehearing Denied Nov. 3, 1977.

Alfredo A. Garcia, pro se.

Bennie E. Ray, Brownsville, for appellee.

OPINION

NYE, Chief Justice.

This is a summary judgment case. The plaintiff, Alfredo A. Garcia, was convicted in the 197th Judicial District Court of Cam-

eron County, Texas, of the offense of "a felon in possession of a firearm." The appellant was sentenced under Section 12.-42(d) of Vernon's Annotated Penal Code to life imprisonment as a habitual criminal. The defendant was the appellant's attorney in the criminal case. The plaintiff brought suit to recover $750,000 in damages because, according to the appellant, the defendant held himself out to be a licensed attorney and had " . . . falsely, wrongfully, wilfully and intentionally" deprived plaintiff of money by fraudulent means while purporting to act as the attorney of record for the plaintiff in the criminal matter. The defendant filed a motion for summary judgment which was granted by the trial court.

The summary judgment facts show that plaintiff Garcia had been charged with six indictments, three resulting from a fatal shooting and three resulting from a separate murder by the use of a firearm. The defendant, Bennie E. Ray, a licensed attorney, represented the plaintiff in the first murder case which resulted in a hung jury. Thereafter, Garcia was tried on the felony possession of a firearm in which he was convicted and sentenced to life imprisonment. Defendant Ray was Garcia's retained attorney and received compensation for the representation of Garcia. Ray was thereafter appointed by the State to represent the plaintiff in his appeal because the plaintiff was unable to afford counsel for this purpose. Even though Ray prosecuted the appeal as attorney for Garcia, Garcia filed his own pro-se brief in which he raised, among other grounds of error, ineffective counsel.

Attached to the defendant's motion for summary judgment was a copy of the Court of Criminal Appeals opinion in which such opinion states:

> "Appellant's fourth ground of error charges his counsel was ineffective assistance.
>
> Appellant was represented by retained counsel. The record before this Court does not reflect a breach of legal duty by counsel in the conduct of the trial. *Ex parte Gallegos,* 511 S.W.2d 510."

Garcia also filed a complaint with the local district's Grievance Committee of the State Bar of Texas, which dismissed the complaint because of the ruling of the Court of Criminal Appeals on the criminal case. Garcia, in addition to a sworn answer opposing the motion for summary judgment, also filed his affidavit which goes into detail complaining that Ray failed to call certain material witnesses during the course of the trial of the criminal case. The statement also raised questions concerning the amount of money charged him by Ray for representation in the criminal case.

The appellant's points of error are as follows:

### "QUESTIONS PRESENTED

1. Whether the District Court erred in its finding of facts to enter a Summary Judgment against Appellant who has been denied discovery to produce and proffer evidence to prove a set of facts or facts in support of his claim for relief, when said Summary Judgment relies soley [sic] on mere pleadings and and [sic] affidavits of the Appellee's defense that he is *not guilty of the allegations* made in Appellant's original complaint against him, without more.

2. Whether the district Court erred in its purported findings for Summary Judgment, and recline [sic] the same upon pleadings and affidavits of one side of the litigation to the manifest defeat of the other side, thus disavowing its judicial responsibility to acquire personal knowledge of the fact issues before the Court, as required by the Texas Rules of civil Procedure, Rule 166–A, Subparagraphs (e) (f).

3. Whether the District Court committed a substantial failure of justice in this case because she refused to appoint legal counsel for Plaintiff-Appellant notwithstanding his indigency and substantial lack of education."

The trial court granted the motion for summary judgment based on "the Motions, Replies to Motions, Admissions, Affidavits and Counter Affidavits, Pleadings, Depositions,

Interrogatories, and Answers to Interrogatories on file prior to the date set for said hearing."

■ Appellant's first two points, which complain of the summary judgment, do not state any specific error by the trial court which would entitle appellant to relief. These points of error are no more than disjunctive factual conclusions on the part of the appellant. Rule 418, T.R.C.P., requires the appellant to show the error of the trial court in such a way that an appellate court can determine the soundness of the point relied on. The appellant has failed to point out to us any fact questions which allegedly exist on issues that are material to this cause. The courts have held that such a point of error is too general and indefinite to require appellate consideration. This is especially true where there is no argument pointing out the basis for which the summary judgment should have been denied. *Cotten v. Republic National Bank of Dallas*, 395 S.W.2d 930 (Tex.Civ. App.—Dallas 1965, writ ref'd n.r.e.) and authorities cited therein. *Jones v. Hunt Oil Company*, 456 S.W.2d 506, 510 (Tex.Civ. App.—Dallas 1970, writ ref'd n.r.e.) and authorities cited therein. *Snider v. Forrest Lumber Company*, 448 S.W.2d 130 at 133 (Tex.Civ.App.—Tyler 1969, no writ) and authorities cited therein. See *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931 (1956) and compare *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.Sup.1970); *Daniels v. Shop Rite Foods, Inc.*, 502 S.W.2d 894 (Tex.Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.).

■ The summary judgment was not based solely on the pleadings but on the affidavits, interrogatories and admissions in addition to the sworn pleadings. The question that was before the trial court as well as here on appeal is not whether the summary judgment proof raises fact issues with reference to the essential elements of plaintiff's claim and cause of action, but whether the summary judgment proof establishes as a matter of law that there is no fact issue or fact as to one or more of the essential elements of plaintiff's cause. *Gulbenkian v.*

*Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). Rule 166(a), T.R.C.P. Although this rule requires that all doubts as to the existence of a material issue of fact must be resolved against the party moving for a summary judgment, the appellant on appeal has the obligation and must show that the proof of the trial court was insufficient to establish as a matter of law the absence of such an issue. *Anderson v. Bormann*, 489 S.W.2d 945 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). We are not required to search the record and analyze all the pleadings and other evidence on file in an effort to discover a possible fact issue. The only possible fact issue that we can see raised by the record is the question of the amount of the attorney's fee. However, the appellant's affidavit admits that the controversy over the amount of the fee is between attorney Ray and the appellant's mother and not between the appellant and attorney Ray.

■ The appellant inferentially complains of ineffective counsel in the criminal case. At no time does he state that he was innocent. The appeal in the criminal case was to the highest Texas court in such matters. It tested the adequacy of counsel by the direct infusion of the point by the appellant himself in his pro se brief. The Court of Criminal Appeals held that there was no merit to this contention. Although we are not unmindful of the general rule that a judgment in a criminal prosecution is not a bar to a subsequent civil action arising from the same transaction (46 Am. Jur.2d § 614), we do not believe that there could be an opposite result maintained in a civil court where such action was based on the same adjudicated question. The standard of proof generally in a criminal case is usually different than in civil actions. However, on the other hand, how could you test the adequacy of counsel any better than by having the direct point determined by the highest court of our State in the related criminal case? Compare *Walker v. Kruse*, 484 F.2d 802 (7th Cir. 1973). Appellant's points 1 and 2 are overruled.

■ In appellant's final point of error, he complains that the trial court erred in

failing to appoint counsel for him. This point is without merit in a summary judgment case. The question presented generally is whether or not an indigent person is entitled to appointed counsel in civil actions. Article 1917, Tex.Rev.Civ.Stat.Ann. (1964). We would think that this matter could only properly be brought forward in an actual trial on the merits after such indigent person was able to show that he could not afford any attorney and/or could not retain counsel on a contingent fee basis. We have previously held that this provision of the statute is not mandatory but would be left to the discretion of the trial court. *Sandoval v. Rattikin*, 395 S.W.2d 889 (Tex. Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.) *cert. denied*, 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132 (1966). The policy of the Federal Courts of appointing counsel for indigent parties in civil suits arises only when necessary to meet the ends of justice. See *United States v. Rogers*, 534 F.2d 1134 (5th Cir. 1976); *Hudson v. Hardy*, 134 U.S. App.D.C. 44, 412 F.2d 1091 (1968); *Ehrlich v. Van Epps*, 428 F.2d 363 (7th Cir. 1970); *Securities and Exchange Commission v. Alan F. Hughes, Inc.*, 481 F.2d 401 (2nd Cir. 1973) *cert. denied*, 414 U.S. 1092, 94 S.Ct.

722, 38 L.Ed.2d 549. Probably the best statement of the current state of the law on this question was set out in *Rhodes v. Houston*, 258 F.Supp. 546 (D.Neb.1966) wherein the court stated that the mandatory requirement of counsel under the 6th Amendment concerned only defendants in criminal proceedings and has no reference to plaintiffs in civil actions bent on the procurement of a judgment for the payment of money in the way of damages as against some other person. See also *Petition of Ramirez*, 282 F.Supp. 663 (S.D.Tex.1968); *Wilson v. Ellis*, 193 F.Supp. 526 (S.D.Tex. 1961). There is absolutely no factual showing in the record before us that the trial court abused its discretion in failing to grant appellant's motion to appoint counsel. Appellant's third point of error is overruled.

Judgment of the trial court is AFFIRMED.