**Rhett SARGENT et al., Appellants,**

v.

**HIGHLITE BROADCASTING CO.,
Appellee.**

**No. 11825.**

Court of Civil Appeals of Texas,
Austin.

April 28, 1971.

Sheehy, Cureton, Westbrook, Lovelace & Nielsen, Joel W. Westbrook, Waco, for appellants.

No brief filed by appellee.

PHILLIPS, Chief Justice.

This case reaches us as an appeal from a summary judgment.

Appellee Highlite Broadcasting Co. brought the suit asking that a contract for the sale of the broadcasting company be declared null and void. The Appellants counterclaimed for damages, and, alternatively, for specific performance.

The trial court granted Appellee's motion for summary judgment, adjudged the contract null and void and dismissed Appellants' counterclaim. It is from this judgment that appeal was perfected to this Court.

We reverse the judgment of the trial court and remand the case for trial on the merits. Since the record discloses several possible fact situations for determination and since the case has been remanded for retrial we will briefly discuss all of Appellants' points of error.

Appellants are before us on four points of error, which we sustain. Appellants' fourth point of error, which we notice first, is that the trial court erred in granting the motion for summary judgment. We sustain this point. See Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.Sup.1970). This assignment is sufficient to preserve the error of the trial court in disregarding material issues of fact.

Appellants' first point is the error of the trial court in granting summary judgment for the Appellee on the theory that the Federal Communications Commission had not approved the contract of sale.

Since Appellee has no brief filed in this cause we shall accept Appellants' statement of the facts to be correct. Rule 419, Texas Rules of Civil Procedure.

The present record will support the conclusion that the absence of the Federal Communications Commission's approval was due to the willful refusal of the Appellee's president to execute the necessary documents in order to obtain Federal Communications Commission's approval. Where the obligation of a party depends upon a certain condition being performed, and the fulfillment of that condition is prevented by the act of the other party, the condition is considered as fulfilled. Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744 (1937); Houston County v. Leo L. Landauer & Associates, Inc., 424 S.W.2d 458 (Tex.Civ.App. Tyler, 1968, writ ref., n. r. e.). Thus a fact question is present for determination.

Appellants' second point of error is that of the court in granting a summary judgment based on the theory that the contract of sale is in contravention of Article 2.31

of the Texas Business Corporation Act, V. A.T.S.

■ The Appellee's position here seems to be that Article 2.31 of the Texas Business Corporation Act requires among other things, that the business and affairs of the corporation shall be managed by a board of directors and that the board of Appellee company had apparently not passed on the contract. Without going into the details further, there is evidence that High-lite Broadcasting Company was a sham corporation which adhered to very few, if any, rules relating to the functioning of business corporations. A person who operates a corporation as a sham, treats the corporation as his alter ego, or treats the corporation in such a way so that the identity of interest and ownership between an individual and the corporation is such that the action of one can be said to be the action of the other, can be prevented from taking advantage of corporate defenses if this corporate form is being used or will be used to achieve an inequitable result. American Petroleum Exchange, Inc. v. Lord, 399 S.W.2d 213 (Tex.Civ.App., 1966, writ ref., n. r. e.); Pace Corporation v. Jackson, 155 Tex. 179, 284 S.W.2d 340 (1955). Thus another fact situation is presented.

Appellants' third point of error is that of the trial court in granting a summary judgment for Appellee on the theory that the contract of sale did not call for a definite monthly payment or a precise rate of interest, thereby making any payment uncertain.

Beginning on the eighth line from the bottom of the contract there is a provision reading "said consideration being payable not less than $500.00 or more than $1000.00 per month at the rate of four (4) percent per annum." The contract also provides that "the amount of said monthly payment to be negotiated between party of the first part and party of the second part."

■ This provision for payment is definite enough. It merely allows the Appellants an optional range of payment with-

in the points fixed in the agreement. The right to renegotiate the monthly payments is surplusage. The right of renegotiation is inherent in any contract. In Portland Gasoline Co. v. Superior Marketing Co., 150 Tex. 533, 243 S.W.2d 823 (1951), our Supreme Court quoted with approval from 12 Am.Jur. 794–795, Contracts, Sec. 251 as follows:

> "An agreement should, moreover, be construed in such a way as to make the obligations imposed by its terms mutually binding upon the parties, unless such interpretation is wholly negatived by the language used. This rule is based on the presumption that when parties make an instrument, the intention is that it shall be effectual, and not nugatory. A meaning which is sufficiently definite will be favored. The terms of a contract must, if possible, be construed to mean something rather than nothing at all."

We reverse the judgment of the trial court and remand the cause for trial on the merits.

Reversed and remanded.