

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00083-CV

H3 CATTLE, LLC, Appellant

V.

WESTERN LIVESTOCK COMMISSION CO. INC., Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-22-46063

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

H3 Cattle, LLC (H3), appeals from a summary judgment in favor of Western Livestock Commission Co., Inc. (WLCC), in which the trial court awarded WLCC $74,842.19 in attorney fees and expenses. H3 argues that (1) the trial court violated H3's due process rights by failing to provide adequate notice before calling the case to trial; (2) the trial court violated Texas Rule of Civil Procedure 165a "because dismissal was not effected, and no notice of intention to dismiss, along with the date and place of the dismissal hearing, was sent by the clerk to the parties, including [H3], and due to the trial court issuing an improper default judgment as opposed to a dismissal order, the proper procedure, the trial court committed error and [H3] was deprived of its due process rights, including the right to file a motion to reinstate if dismissal had been granted by the trial court"; (3) the trial court erred by granting WLCC's traditional and no-evidence summary judgment motions; (4) the trial court erred by failing to provide H3 with notice of the hearing on the summary judgment motions; (5) the trial court erred in denying H3 a jury trial; and (6) the final judgment is "infirm and remains interlocutory because it fails to address defenses by [H3] and any claims of HHH [Cattle, LLC] and Cloudfund[, LLC d/b/a Hybrid Capital Partners], rendering the Final Judgment incomplete, interlocutory, defective, and not final, except for purposes of an appeal."

I.      **Procedural History**

H3 filed its original petition in December 2022, stating causes of action for conversion and tortious interference with contract, alleging that WLCC held an auction for the sale of H3's cattle and misappropriated some of the funds from said sale. WLCC filed its counterclaim for

2

petition in interpleader against H3, HHH Cattle, and Cloudfund.  HHH Cattle filed an original answer to WLCC's counterclaim, denying all allegations by WLCC and "reassert[ing] as a counterclaim against WLCC" H3's claims and causes of action against WLCC.  WLCC filed its answer and general denial as to HHH Cattle's counterclaim.

H3 moved for summary judgment against WLCC, attaching an unsworn declaration of Scott Hartwell, member and manager of H3, to which WLCC filed a response.  H3 amended its original petition, reasserting its original causes of action and adding a claim for breach of contract.  H3 also filed an amended motion for summary judgment to which WLCC responded. The trial court entered an amended scheduling order that, among other things, set trial for August 5, 2024.

A hearing on H3's motion for summary judgment was held on June 7, 2024.  After the hearing, the trial court granted WLCC's motion to interplead funds, ordering WLCC to deposit the disputed funds into the registry of the court.  That same day, the trial court entered an order denying H3's motion for summary judgment.  WLCC complied with the trial court's order, placing the disputed funds into the registry of the court via a check dated June 12, 2024.

H3 filed its second amended petition, which maintained the same causes of action but also included "[a]ffirmative and [o]ther [d]efenses."  WLCC moved for traditional and no evidence summary judgment, arguing that WLCC should be dismissed from the lawsuit.  A hearing was set on WLCC's summary judgment motion for "**July 11th, 2023**," at 9:00 a.m.  H3 filed a request for findings of fact and conclusions of law related to the trial court's order granting WLCC's motion to interplead funds and then filed a jury demand.  H3 moved to reset

the hearing, arguing among other things, that the hearing date of "July 11, 2023," was a fatal defect as the year was incorrect and reflected the date of a year prior. The trial court rescheduled the summary judgment hearing for August 1, 2024, via Zoom.

On August 1, 2024, the trial court held the scheduled pre-trial hearing, but H3 did not appear. The trial court chose to carry the motion for summary judgment to August 5, 2024, the day trial was scheduled to begin. On the morning of August 5, 2024, the case was called, the venire panel was present, but H3 was not present. The venire panel was qualified in the absence of H3, and the trial court then took a break. Before the venire panel returned, the trial court attempted to locate H3 and its counsel. The trial court was able to contact counsel for H3 by telephone, and counsel informed the trial court that, even though he was aware the scheduling order stated trial would begin on August 5, 2024, he assumed that it would not go forward because there had been additional filings and because of his internet connectivity issue that prevented him from joining the pre-trial hearing on August 1, 2024. The trial court advised H3's counsel that he was on notice, via the scheduling order and the pre-trial hearing, that trial was set to begin on August 5, 2024. H3's counsel stated that he would be present within an hour and was on his way to the courthouse. WLCC moved the trial court for default judgment as to H3's claims and because of H3's "no show and no call and especially with a trial setting," and the trial court granted the default. The trial court informed H3's counsel that a 1:00 p.m. hearing was still on the docket for "anything that need[ed] to potentially be taken up for the jury on the . . . Counter-Petitioner's case." WLCC informed the trial court that it would waive a jury trial on the remaining issues, and the trial court released the jury. The court called WLCC's counter-

4

petition, and WLCC indicated that it sought to have its summary judgment motion granted and would be seeking attorney fees. H3's counsel first apologized to the trial court for misunderstanding the trial setting and then explained that H3 had a jury demand on record and did not wish to have the jury dismissed, specifically arguing that the issues still before the trial court were for the jury to decide. In response, WLCC argued that the jury demand made by H3 "would be waived once they defaulted and did not appear for" trial. The trial court proceeded on WLCC's counter-petition, attorney fees request, and summary judgment motion.

After hearing testimony from both parties who were subject to cross-examination, the trial court granted WLCC's motion for traditional and no-evidence summary judgment. The trial court also granted WLCC's request for attorney fees. After the trial court denied H3's motion for new trial, this appeal followed.

## II. H3 Had Adequate Notice of the August 5, 2024, Trial Date

By its first issue, H3 argues that the trial court erred in proceeding to trial on August 5, 2024, because the trial court failed to give adequate notice, resulting in an improper default notice. H3 cites to Texas Rule of Civil Procedure 247, which states,

> Every suit shall be tried when it is called, unless continued or postponed to a future day or placed at the end of the docket to be called again for trial in its regular order. No cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party.

TEX. R. CIV. P. 247. H3 agrees that the amended scheduling order set trial for August 5, 2024, at 8:30 a.m., but argues that because other motions and filings were made and set to be heard at 1:00 p.m. on August 5, H3 did not believe trial would go forward. The record contains no

5

evidence of a continuance or a change of trial date. Furthermore, in the prior hearing, which H3 also did not attend, citing internet connectivity issues, the trial court was clear that trial would begin as scheduled on August 5, 2024. Given that H3 was aware of the trial date set forth in the scheduling order, and because the trial court did not set a new date for trial, H3's suggestion that it believed trial would not commence because of interim filings and hearings is insufficient to support an argument that H3 did not have adequate notice of the trial date. Therefore, we find that H3 received adequate notice, via the scheduling order, as well as the trial court's own statements. We overrule H3's first issue.

### III. The Trial Court Did Not Err in Granting WLCC's Traditional and No-Evidence Summary Judgment Motions

H3 argues in its third issue that the trial court erred in granting WLCC's traditional and no-evidence summary judgment motions. Specifically, H3 contends that the trial court failed to address H3's objections to the summary judgment motions and erred in granting WLCC's summary judgment motions while failing or refusing to rule on H3's objections.

#### A. Standards of Review

##### 1. Objections to Summary Judgment Motions

"A trial court's ruling sustaining or overruling an objection to summary judgment evidence is reviewed for an abuse of discretion." *Ethridge v. Northgate Vertical LP*, No. 01-21-00595-CV, 2022 WL 17981566, at *4 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, no pet.) (mem. op.) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). "We may reverse the ruling only if the appellant establishes that 'the trial court's erroneous admission or exclusion of evidence was harmful—that it was calculated to cause and probably

did cause the rendition of an improper judgment.'" *Id.* (quoting *Doncaster v. Hernaiz*, 161 S.W.3d 594, 601 (Tex. App.—San Antonio 2005, no pet.)).

Texas Rule of Appellate Procedure 33.1(a) states, in part, that to present a complaint for appellate review, the record must show the complaint was made to the trial court "by a timely request, objection, or motion," that it complied with the applicable rules of procedure or evidence, and that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a).

### 2.     No-Evidence and Traditional Summary Judgment Motions

"The grant of a trial court's summary judgment is subject to de novo review by appellate courts." *City of Wolfe City v. Am. Safety Cas. Ins. Co.*, 557 S.W.3d 699, 702 (Tex. App.—Texarkana 2018, pet. denied) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor." *Id.* (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "When the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment was sought are meritorious." *Id.* (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). "When both traditional and no-evidence summary judgments are reviewed, we look first at the no-evidence motion." *Est. of Grogan*, 595 S.W.3d 807, 812 (Tex. App.—Texarkana 2020, no pet.) (quoting *First United Pentecostal Church of Beaumont v.*

7

*Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

This Court stated in *Est. of Grogan*,

> If a motion for summary judgment claims that there is no evidence supporting any element of a claim or defense on which the nonmovant bears the burden of proof at trial, we look to see if the nonmoving party has presented evidence raising a genuine issue of material fact on the element or elements in question.

*Id.* (citing TEX. R. CIV. P. 166a(i); *In re Est. of Fisher*, No. 06-14-00029-CV, 2014 WL 5465869, at *1 (Tex. App.—Texarkana Oct. 29, 2014, no pet.) (mem. op.); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam)). "If our review of the no-evidence motion demonstrates the lack of necessary evidence supporting the claim, we need not address the traditional motion for summary judgment." *Id.* (citing *City of Wolfe City*, 557 S.W.3d at 702).

"Any claims that survive the no-evidence review will then be reviewed under the traditional standard." *City of Wolfe City*, 557 S.W.3d at 703 (quoting *Parker*, 514 S.W.3d at 219–20). Pursuant to the Texas Rules of Civil Procedure, to be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). "Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *City of Wolfe City*, 557 S.W.3d at 703 (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)). "A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim." *Id.* (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010)).

8

## B.     Analysis

H3 filed its response and objections to WLCC's no-evidence and traditional summary judgment motions, lodging ten objections. "A ruling on an objection to summary judgment evidence may be implied if the implication is 'clear.'" *Ethridge*, 2022 WL 17981566, at *6 (quoting *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (per curiam)). "The mere granting of a summary judgment motion 'does not suffice as an implicit ruling on objections' to summary judgment evidence." *Id.* (quoting *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 178 (Tex. App.—Houston [1st Dist.] 2018, no pet.)). "For there to be an implicit ruling on objections to summary judgment evidence, there must be 'some indication that the trial court ruled on the objections in the record or in the summary judgment itself, other than the mere granting of the summary judgment.'" *Id.* (quoting *Fortitude Energy, LLC*, 564 S.W.3d at 178).

The trial court did not rule on the objections, nor was there an implicit ruling. Specifically, the trial court indicated that it would "decline to take any action" as to the objections. However, "we hold that the trial court did not abuse its discretion, because even if [H3]'s evidentiary objections had been sustained, [WLCC]'s no-evidence summary judgment motion would have been granted." *Id.* at *7. Rule 166a(i) mandates that summary judgment must be granted in response to a no-evidence motion for summary judgment if the nonmovant fails to produce "summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i); *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017);

9

*Ethridge*, 2022 WL 17981566, at \*7; *see Jones v. Star Houston, Inc.*, 45 S.W.3d 350, 353 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

WLCC's no-evidence motion for summary judgment asserted that there was no evidence as to H3's claims of conversion, breach of contract, and tortious interference with contracts. As to each of the elements challenged in the conversion and breach of contract claims, H3 responded: "**Evidence of this element**: 4-9 of the Hartwell Declaration are incorporated herein by this reference. [H3]'s Second Amended Original Petition, which is referenced in Article II of the MSJ as Exhibit B and attached to the MSJ as Exhibit B, is incorporated herein by this reference."

H3 presented no response as to WLCC's argument that there was no evidence to support a tortious interference claim.

"Notwithstanding the absence of a strict attachment requirement, 'to avoid the movant's entitlement to [no-evidence] summary judgment,' the nonmovant must 'expressly' point out fact issues in its written response." *State v. Three Thousand, Seven Hundred Seventy-Four Dollars & Twenty-Eight Cents U.S. Currency*, 713 S.W.3d 381, 391 (Tex. 2025) (alteration in original) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)). "Fact issues are not identified 'by mere reference to summary judgment evidence.'" *Id.* (quoting *McConnell*, 858 S.W.2d at 341). As the Fourteenth Court of Appeals has stated,

> The issue is whether the trial court must search through all of non-movant's evidence to determine if a fact issue exists without any guidance concerning what evidence creates an issue on a particular element. . . . Under the [Texas] Rules of Civil Procedure, the party seeking to avoid the effects of a well-pleaded no-evidence motion for summary judgment bears the burden to file a written response that raises issues preventing summary judgment, and that points to

10

> evidence supporting those issues. Where the nonmovant fails to meet that burden, the trial court is not required to supply the deficiency, but instead must grant the motion.

*Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at \*6 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.) (citation omitted); *see also Chambers v. Allstate Ins. Co.*, No. 05-15-01076-CV, 2016 WL 3208710, at \*12 (Tex. App.—Dallas June 9, 2016, pet. denied) (mem. op.). "In short, a trial court 'does not abuse its discretion when it does not consider summary judgment proof to which a movant does not specifically direct the trial court's attention.'" *Comm'n for Law. Discipline v. Powell*, 689 S.W.3d 620, 630 (Tex. App.—Dallas 2024, no pet.) (quoting *Burns*, 2006 WL 461518, at \*4).

Because H3's response did not expressly provide the trial court with what evidence, if any, specifically related to the elements challenged, and the trial court was not in the position to make the argument for H3, H3 failed to satisfy its burden of raising a genuine issue of material fact, and the trial court was required to grant WLCC's no-evidence summary judgment motion.[1]

We overrule H3's third issue.

## IV. H3 Failed to Preserve its Complaint Related to Adequate Notice for the Summary Judgment Hearing

In its fourth point of error, H3 argues that the trial court erred in hearing WLCC's motions for summary judgment because H3 did not receive adequate notice of the hearing prior to the hearing.

As our sister Court explained,

---

[1]Having already concluded that the trial court properly rendered judgment based on WLCC's no-evidence motion for summary judgment, we need not address H3's challenge to WLCC's traditional motion for summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (appellate court reviews no-evidence summary judgment before addressing traditional summary judgment).

> Lack of sufficient notice in a summary judgment proceeding is a non-jurisdictional defect. *See White v. Wah*, 789 S.W.2d 312, 319 (Tex. App.—Houston [1st Dist.] 1990, no writ). If a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance and/or raise the complaint of late notice in writing, supported by affidavit evidence, and raise the issue before the trial court during the summary judgment hearing. *See Rios v. Texas Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ). To hold otherwise would allow a party who participated in the hearing to lie behind the log until after the summary judgment is granted and then raise the complaint of late notice for the first time in a post-trial motion. *Id.* It is only when a party is not given notice of the summary judgment hearing, or a party is deprived of its right to seek leave to file additional affidavits or other written response, that it may preserve error in a post-trial motion. *See, e.g.*, *Nickerson v. E.I.L. Instruments, Inc.*, 817 S.W.2d 834, 836 (Tex. App.—Houston [1st Dist.] 1991, no writ). We are not faced with such a situation here.

*May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626–27 (Tex. App.—Tyler 2001, no pet.).

As in *May*, here we find that H3 failed to object in writing to inadequate notice of hearing prior to the hearing on WLCC's motions for summary judgment. While H3's counsel indicated he did not have copies of the motions or his response with him at the hearing, he stated it was because he "ran up [t]here" to make it to the hearing. H3 did not lodge an objection for inadequate notice of hearing; accordingly, since H3 failed to comply with Rule 166a(c)'s mandate that all issues be presented in writing, it waived its right to raise such an issue on appeal. *See* TEX. R. APP. P. 33(a)(1)(B); *see also May*, 61 S.W.3d at 627; *Rios*, 948 S.W.2d at 33. We overrule H3's fourth issue.

## V.  H3 Waived its Right to a Jury

In H3's fifth issue, it argues that the trial court erred in denying H3's timely jury demand and violated H3's constitutional right to a jury trial specifically as it related to the attorney fees issue.

12

"One of our 'most precious rights,' the right to trial by jury[,] occupies 'a sacred place in English and American history.'" *In re Marriage of Harrison*, 557 S.W.3d 99, 135 (Tex. App.— Houston [14th Dist.] 2018, pet. denied) (quoting *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding)). "The United States and Texas Constitutions guarantee the right to trial by jury." *Id.* (citing U.S. CONST. art. III, § 2; TEX. CONST. art. I, § 15).

A party demanding a jury trial must file a written request at least thirty days before trial and pay a fee. TEX. R. CIV. P. 216(a), (b). The court in *In re Marriage of Harrison* stated,

> However, the right to a jury trial may be waived or withdrawn by (a) agreeing to a bench trial, (b) failing to timely pay a jury fee, (c) failing to timely request a jury trial, (d) failing to appear for trial, or (e) failing to object to a bench trial despite a properly perfected request.

*In re Marriage of Harrison*, 557 S.W.3d at 135 (citing *In re Wells Fargo Bank Minn. N.A.*, 115 S.W.3d 600, 606–07 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding)). Texas Rule of Civil Procedure 220 states, "Failure of a party to appear for trial shall be deemed a waiver by [it] of the right to trial by jury." TEX. R. CIV. P. 220. "We review the denial of a jury under Rule 220 for an abuse of discretion." *In re Marriage of Harrison*, 557 S.W.3d at 135–36 (citing *In re W.B.W., Jr.*, 2 S.W.3d 421, 422 (Tex. App.—San Antonio 1999, no pet.) ("applying abuse of discretion standard to waiver of jury trial for party's failure to timely appear"); *cf. Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) ("reviewing denial of jury demand for abuse of discretion")).

Here, the trial court found that H3 had failed to appear for trial. After the trial court found that H3 had failed to appear for trial, WLCC indicated its desire to waive a jury trial on the remaining claims before the trial court, and subsequently, the trial court released the jury prior to

13

H3's appearance. While H3 relayed its desire to have a jury present for the remaining issues, the trial court's determination that H3 had failed to appear effectively waived H3's right to a jury demand. *See In re Marriage of Harrison*, 557 S.W.3d at 137 ("The trial court has authority to impose consequences for a party's failure to appear timely for trial. *See* TEX. R. CIV. P. 220. The judge, not the litigant, controls the trial court docket. In light of the surrounding circumstances, we cannot say that the trial court abused its discretion by proceeding with a bench trial."). Given H3's failure to timely appear, the trial court did not abuse its discretion in determining the jury had been waived. We overrule H3's fifth issue.

## VI.     The Final Judgment is not Interlocutory

In its sixth issue, H3 contends that while the order granting WLCC's summary judgment motions was final for purposes of appeal only, it did not dispose of all parties and issues and therefore was "incomplete, interlocutory, defective, and not final, except for purposes of an appeal."

"Although the trial court and the parties may have presumed all claims and parties were disposed of, an appellate court cannot speculate as to the intended disposition of any remaining claims." *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 361 (Tex. App.—Dallas 2009, pet. denied) (citing *Sw. Invs. Diversified, Inc. v. Est. of Mieszkuc*, 171 S.W.3d 461, 469 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). "A judgment issued without a conventional trial on the merits is final for purposes of appeal if it: (1) actually disposes of all claims and all parties before the court; or (2) states with unmistakable clarity it is

14

a final judgment as to all claims and all parties." *Id.* (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)).

Here, in its "FINAL JUDGMENT" granting WLCC's summary judgment motion, the trial court unequivocally stated: "This Judgment disposes of all claims and all parties and is final and appealable." The final judgment granted summary judgment to WLCC, determined the award of attorney fees, and ordered the manner in which the funds held in the registry were to be dispensed.

H3 argues on appeal that HHH Cattle and Cloudfund were not addressed, nor were H3's affirmative defenses, therefore the judgment could not have been final. We disagree. "When a party contends that summary judgment is improper because of an affirmative defense, it must do more than merely plead that defense." *Bans Props., L.L.C. v. Hous. Auth. of City of Odessa*, 327 S.W.3d 310, 313 (Tex. App.—Eastland 2010, no pet.) (citing *Kirby Expl. Co. v. Mitchell Energy Corp.*, 701 S.W.2d 922, 926 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.)).

"An affirmative defense will prevent the granting of a summary judgment only if the defendant supports each element of the affirmative defense by summary judgment evidence." *Id.* (citing *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)). "This requires evidence sufficient to establish at least a fact question on each element." *Id.* (citing *'Moore' Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972)). Having already determined that H3 failed to overcome WLCC's no-evidence summary judgment, we find that any affirmative defenses raised were defeated by the trial court's granting of summary judgment and do not remain pending.

15

We further disagree with H3's assertion that the final judgment did not dispose of all parties for failing to specifically mention HHH Cattle and Cloudfund. A determination of whether a judicial decree is a final judgment must be done by looking at the language of the decree and the record in the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Id.* Here, the trial court's final judgment addressed each of the claims, specifically rendered judgment on WLCC's summary judgment, ordered the recovery of attorney fees, and addressed all of the remaining claims, effectively disposing of the case in finality. The final judgment contains language that it disposed of all claims and parties and left nothing to be considered. Accordingly, given the language of the final judgment, as well as the record before this Court, we find that the trial court's final judgment was, in fact, final. We overrule H3's sixth issue.

## VII. Conclusion

We affirm the trial court's judgment.[2]

Charles van Cleef
Justice

Date Submitted: June 4, 2025
Date Decided: August 4, 2025

---

[2]Having determined that the trial court did not abuse its discretion in granting WLCC's no-evidence motion for summary judgment, effectively determining the merits of the case, we need not address H3's second issue regarding the trial court's issuance of a default judgment rather than a dismissal. *See* TEX. R. APP. P. 47.1.

16